IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUSSELL LANG,

    Petitioner,

  v.

K. MENDOZA-POWERS, et al.,

    Respondents.
                          /

No. C 07-00608 CW (HC)

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

On April 2, 2007, Petitioner Russell Lang, a state prisoner incarcerated at Avenal State Prison, filed a petition for a writ of habeas corpus on the ground that the Board of Parole Hearings' failure to fix a primary term of punishment proportionate to his individual culpability for the commitment offense constitutes cruel and unusual punishment.  On March 11, 2008, Respondents filed an answer.  On April 7, 2008, Petitioner filed a traverse, entitled, "Denial and Exception to the Return."  Having read all the papers filed by the parties, the Court DENIES the petition.

BACKGROUND

In 1974, Petitioner conspired with several other individuals to attack three unrelated people in three separate incidents. Resps' Ex. 3 at 1-3.  All the individuals involved in the commission of the crimes, including Petitioner, were associated with the Nation of Islam, which taught that Caucasians were devils and that it was the duty of each Muslim to murder four devils.  Id.

at 3. A jury found Petitioner guilty of conspiracy to commit murder, first degree murder and possession of a weapon. Id. at 1. Petitioner was sentenced to two terms of life, plus one year, with the possibility of parole. Id.

Petitioner filed a petition for a writ of habeas corpus in the Sacramento County Superior Court alleging that the Board violated his state and federal constitutional rights to freedom from cruel and unusual punishment by its failure to set his primary term proportionate to his individual culpability. He also claimed the Board's failure violated California Penal Code § 1170.2. On March 9, 2006, the superior court denied the petition explaining that, under People v. Wingo, 14 Cal. 3d 169, 183 (1975), and In re Rodriguez, 14 Cal. 3d 639, 651-53 (1975), superseded by statute as stated in People v. Jefferson, 21 Cal. 4th 86, 95 (1999), Petitioner's maximum term is deemed to be life imprisonment because no maximum term has been set by the Board. Resps' Ex. 4 at 1. Citing Harmelin v. Michigan, 501 U.S. 957 (1991), the court held that Petitioner's life term does not constitute cruel and unusual punishment. Id.

Petitioner filed habeas petitions in the California court of appeal and the California Supreme Court, both of which denied the petitions without comment. Resps' Exs. 5 and 6.

LEGAL STANDARD

A federal court may entertain a habeas petition from a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court may not grant a petition

2

1 challenging a state conviction or sentence on the basis of a claim
2 that was reviewed on the merits in state court unless the state
3 court's adjudication of the claim: "(1) resulted in a decision that
4 was contrary to, or involved an unreasonable application of,
5 clearly established federal law, as determined by the Supreme Court
6 of the United States; or (2) resulted in a decision that was based
7 on an unreasonable determination of the facts in light of the
8 evidence presented in the State court proceeding."  28 U.S.C.
9 § 2254(d).  A decision is contrary to clearly established federal
10 law if it fails to apply the correct controlling authority, or if
11 it applies the controlling authority to a case involving facts
12 materially indistinguishable from those in a controlling case, but
13 nonetheless reaches a different result.  Clark v. Murphy, 331 F.3d
14 1062, 1067 (9th. Cir. 2003).

15     The only definitive source of clearly established federal law
16 under 28 U.S.C. § 2254(d) is the holdings of the Supreme Court as
17 of the time of the relevant state court decision.  Williams v.
18 Taylor, 529 U.S. 362, 412 (2000).

19     To determine whether the state court's decision is contrary
20 to, or involved an unreasonable application of, clearly established
21 law, a federal court looks to the decision of the highest state
22 court that addressed the merits of a petitioner's claim in a
23 reasoned decision.  LaJoie v. Thompson, 217 F.3d 663, 669 n.7 (9th
24 Cir. 2000).  In the present case, the only state court to address
25 the merits of Petitioner's claim is the Sacramento superior court.

## DISCUSSION

27     A criminal sentence that is not proportionate to the crime for
28 which the defendant was convicted violates the Eighth Amendment's

3

prohibition against cruel and unusual punishment. <u>Solem v. Helm</u>, 463 U.S. 277, 303 (1983) (sentence of life imprisonment without possibility of parole for seventh non-violent felony violates Eighth Amendment). But "outside the context of capital punishment, successful challenges to the proportionality of particular sentences will be exceedingly rare." <u>Id.</u> at 289-90. For the purposes of review under 28 U.S.C. § 2254(d)(1), it is clearly established that "[a] gross proportionality principle is applicable to sentences for terms of years." <u>Lockyer v. Andrade</u>, 538 U.S. 63, 72 (2003). But the precise contours of the principle are not clear, and "applicable only in the 'exceedingly rare' and 'extreme' cases." <u>Id.</u> at 73.

In <u>Harmelin v. Michigan</u>, 501 U.S. 957 (1991), Chief Justice Rehnquist and Justice Scalia joined in a two-justice plurality to conclude that <u>Solem</u> should be overruled and that no proportionality review is required under the Eighth Amendment except with respect to death sentences. <u>Id.</u> at 961-985. A three-justice concurrence made up of Justices Kennedy, O'Connor and Souter concluded that <u>Solem</u> should not be rejected and that the Eighth Amendment contains a narrow proportionality principle that is not confined to death penalty cases, but that forbids only extreme sentences which are grossly disproportionate to the crime. <u>Id.</u> at 997-1001.[1] After <u>Harmelin</u>, only extreme sentences that are grossly disproportionate to the crime violate the Eighth Amendment. <u>United States v. Carr</u>,

---

[1] Because no majority opinion emerged in <u>Harmelin</u> on the question of proportionality, Justice Kennedy's view--the Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime--is considered the holding of the Court. <u>See</u> <u>United States v. Bland</u>, 961 F.2d 123, 128-29 (9th Cir.), <u>cert. denied</u>, 506 U.S. 858 (1992).

4

56 F.3d 38, 39 (9th Cir. 1995).  See, e.g., Ewing v. California, 538 U.S. 11, 29-31 (2003) (upholding sentence of twenty-five-years-to-life for recidivist convicted most recently of grand theft); Lockyer v. Andrade, 538 U.S. 63, 76 (2003) (upholding sentence of two consecutive terms of twenty-five-years-to-life for recidivist convicted most recently of two counts of petty theft with a prior conviction); but see, Gonzalez v. Duncan, ___ F.3d ___, 2008 WL 5399079 (9th Cir.) (sentence of twenty-eight years to life for failing to update annual sex offender registration grossly disproportionate).

Petitioner has been sentenced to two indeterminate life terms for first degree murder and conspiracy to commit murder.[2]  Because Petitioner's sentence has not been set at a lesser fixed term, it is considered to be the statutory maximum of life with the possibility of parole.  See Rodriguez, 14 Cal. 3d at 646 (the Indeterminate Sentencing Act does not expressly require the Adult Authority to fix a sentence at less than the maximum).  As the state habeas court correctly explained, this sentence is not disproportionate to Petitioner's crimes in light of the fact that the Supreme Court, in Harmelin, 501 U.S. at 993-94, found that a sentence of life in prison without the possibility of parole for possession of twenty-four ounces of cocaine raised no inference of gross disproportionality.  See also, Solem v. Helm, 463 U.S. 277, 290 n.15 (1983) (any sentence of imprisonment is not

---

[2] Prior to 1977, the Indeterminate Sentence law provided that the court did not fix the term or duration of the period of imprisonment; the authority to determine the actual length of the sentence was vested in the Adult Authority. Rodriguez, 14 Cal. 3d at 645.  This sentencing scheme was replaced with the Determinate Sentencing Act.  People v. Jefferson, 21 Cal. 4th 86, 95 (1999).

5

disproportionate for crime of felony murder).  Because Harmelin's crime was less severe than Petitioner's and his sentence harsher, Petitioner's claim of cruel and unusual punishment must fail.

Therefore, the state habeas court's decision was not contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court.

Because a state inmate is entitled to federal habeas relief only if he is in custody in violation of the United States Constitution or federal laws, Petitioner's claims based upon violations of the California constitution and California statutes are not cognizable in this proceeding.

The record indicates that Petitioner has been granted parole twice, but the decisions were rescinded by the Governor. The Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process with respect to his constitutionally protected liberty interest in a parole release date if the board's decision is not supported by "some evidence in the record," or is "otherwise arbitrary." Sass v. California Bd. of Prison Terms, 461 F.3d 1123, 1128 (9th Cir. 2006) (citing Superintendent v. Hill, 472 U.S. 445, 457 (1985)).  The Governor's decision must also comply with due process which requires a rescission of parole to be supported by some evidence.  Miller v. Davis, 521 F.3d 1142, 1146 (9th Cir. 2008).

If Petitioner wishes to challenge the denial of parole, he should exhaust this claim in state court and then seek federal habeas relief.

## CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of

6

1  habeas corpus is DENIED.  The Clerk of the Court shall enter
2  judgment and close the case.
3
4       IT IS SO ORDERED.
5
6  Dated: 1/28/09                    _____
7                                    CLAUDIA WILKEN
                                     United States District Judge

7